UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 26-25 (LMP/DLM)

---

United States of America,

Plaintiff,

v.

Jerome Deangelo Richardson (5),

Defendant.

**MOTION TO SUPPRESS EVIDENCE OBTAINED BY SEARCH AND SEIZURE (SECTION 1509 SUMMONS)**

---

## INTRODUCTION

Defendant Jerome Deangelo Richardson, by and through undersigned counsel, respectfully moves under Rule 12 of the Federal Rules of Criminal Procedure 12(b)(3)(C), the Fourth Amendment, and 19 U.S.C. § 1509 to suppress all records obtained through purported "Customs Summonses" issued to all companies, including Verizon Wireless, together with any and all derivative evidence.

Mr. Richardson further requests the Court Order an evidentiary hearing to examine why the summonses were authorized, what information they produced, and how the government used that information.

## BACKGROUND AND ARGUMENT

Discovery reflects that federal agents issued one or more summonses under 19 U.S.C. § 1509 to Verizon concerning a telephone number known to belong to Mr. Richardson. One summons, provided by Agent Timothy Gerber on January 20, 2026,

directed Verizon to produce specific records, including Subscriber Information and Call Information.[1]

Subscriber Information was defined as:

> The names; addresses; length of services including start date, close date if the account is closed; types of services utilized (e.g. push-to talk, text, three-way calling, data, etc.); means and sources of payment (including any and all credit cards and bank account numbers) of a subscriber to and customer of such service; and all telephone instrument numbers, including temporarily assigned network address for all subscribed communication services.

And Call Information was defined as:

> Local and long-distance connection records (including all incoming and outgoing calls; and all voice. VoLTE, SMS, MMS, text, and data usage) and all records of session times and durations; and all telephone instrument numbers, including temporarily assigned network address for all subscribed communication services.

Another Summons to Verizon from Agent Gerber, dated January 19, 2026—that likewise directed Verizon to produce records regarding Mr. Richardson's phone number—inexplicably asserted the following: "This subpoena is in regard to an investigation involving Child Exploitation and/or transmission of Child Pornography via the internet. Please do not disclose/notify the user of the issuance of this subpoena. Disclosure to the user could impede an investigation or obstruct justice."[2] That description was, of course, entirely untrue. Mr. Richardson was not being investigated for child exploitation, never has been, and this prosecution involves no child-exploitation allegation. Why the Agent made that explosive allegation—and whether it has any

[1] Disclosed at Discovery Bates-stamped 00013034

[2] Disclosed at Discovery Bates-stamped 00012990.

relationship to Mr. Richardson's political opposition as expressed in this superseding indictment and other filings in this case—is entirely unknown.

These summonses were not signed or authorized by a magistrate judge.

Putting aside the patently false assertions surrounding child pornography, the Section 1509 summons contain a core procedural flaw. Section 1509 is a customs statute specifically cabining its power to customs investigation, and this investigation and prosecution have never had any relationship with customs. These summonses are a facially improper way for the government to have gathered information here, warranting suppression.

Section 1509 authorizes compulsory process in an investigation conducted to determine the correctness of an entry, liability for customs duties and related penalties, or compliance with laws administered by the United States Customs Service. 19 U.S.C. § 1509(a). The statute further authorizes a summons for the production of "records, as defined in subsection (d)(1)(A)," which addresses records required to be maintained under 19 U.S.C. § 1508 and records believed to concern merchandise whose importation is prohibited. *Id*. at §§ 1509(a)(2); (d)(1)(A).

This prosecution has no connection to customs entries, importation, duties, bonded merchandise, or any other customs function. It is about protest activity taking place at a local church—as far from an importation offense as one can imagine. Nor were Verizon's ordinary subscriber and call records were customs records of the type Congress authorized the government to compel under § 1509.

Several grounds for suppression are already apparent.

First, the summonses fall outside § 1509's power. The statute does not create general administrative-subpoena authority for any criminal investigation within the jurisdiction of a component of the Department of Homeland Security. Its authority is tied to specified customs purposes, specified officials, and specified records.

Second, the nature of the records returned establishes an independent violation of the Fourth Amendment to the United States Constitution. In *Chatrie v. United States*, the Supreme Court held that law enforcement conducts a Fourth Amendment search when it acquires an individual's cellphone-location information from a third-party provider. 609 U.S. ___, slip op. at 2, 29 (2026). These summonses implicate *Chatrie*.

Third, the circumstances bear directly on culpability and remedy. Suppression is intended to deter deliberate, reckless, grossly negligent, and in some circumstances recurring or systemic governmental misconduct. *Herring v. United States*, 555 U.S. 135, 144 (2009). The use of a facially inapplicable customs statute to improperly gather information satisfies this, especially when those processes falsely accuse a political protestor as a child exploiter.

An evidentiary hearing is required to resolve these factual issues that bear on the validity of the challenged search or seizure. Before the hearing, the government should therefore be directed to produce (and identify if already produced):

- every § 1509 summons concerning Mr. Richardson or any telephone associated with him;
- all applications, requests, approvals, cover communications, database entries, and internal records concerning those summonses;
- all communications with Verizon;

- the complete Verizon returns, including any data dictionaries or descriptions identifying the information produced;
- the policies, procedures, or guidance governing the issuing agency's use of § 1509 at the relevant time; and
- records sufficient to identify how the information was used and what subsequent investigative steps resulted from it.

Testimony is also needed to explain the asserted basis for invoking § 1509, the "child exploitation" designation, the information provided to Verizon, the records received, and the derivative use of those records.

Mr. Richardson moves, independently of the evidentiary issues, for suppression.

## CONCLUSION

Mr. Richardson thus moves for suppression of all provided material, together with any and all derivative evidence, and explicitly requests an evidentiary hearing.

Respectfully submitted,

Dated: August 31, 2026

By: *s/ Ian S. Birrell*

Ian S. Birrell, ID 396379
Andrew S. Birrell, ID 0133760
Attorneys for Defendant
Birrell Law Firm, PLLC
333 South 7th Street, Suite 2350
Minneapolis, MN 55402
(612) 238-1939
ian@birrell.law | andy@birrell.law